Richard E. McLenithan, Esq. Town Attorney, Dresdan
You have asked whether the elected supervisor of one town may serve simultaneously as the appointed assessor of a different town. You indicated in a phone conversation that the supervisor also serves on a county board of supervisors.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town assessor assesses properties within the town and prepares the assessment roll (Town Law, § 33; Real Property Tax Law, §§ 300, etseq., 500, et seq.).
The town supervisor controls and keeps a record of all the money belonging to a town or due the town (Town Law, § 29). The town supervisor is also a member of the town board (id., § 60). Here the supervisor is a member of the county board of supervisors.
Real Property Tax Law, § 554 empowers the appropriate tax levying body, here the county board of supervisors, upon a verified statement by the board of assessment review of a town, to correct clerical errors on assessment rolls prior to the collection of taxes. These corrections are ministerial in that the board of supervisors's authority to correct errors is limited to changes authorized by the board of assessment review (Real Property Tax Law, §§ 553, 554).
The county board of supervisors in a county can serve as the county equalization agency (id., § 800). The county equalization agency uses a set formula to equalize the assessments of the various assessing units in the county (id., § 804). This ministerial evaluation does not change the assessments of any town and does not affect the assessor's decisions.
We see no conflict between the duties of these two positions nor is one subordinate to the other.
We conclude that one person may simultaneously serve as an appointed town assessor in one town and an elected town supervisor in another town.